UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROMAN KRAVCHINA,

                    Petitioner,

      v.

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
------------------------------------------------------------X

**DECISION & ORDER**
19-CV-1279 (WFK)

WILLIAM F. KUNTZ, II, United States District Judge.

By petition dated February 20, 2019, *pro se* petitioner Roman Kravchina ("Petitioner") brings this writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his 2014 Richmond County, New York conviction under Indictment No. 56/2014. Petitioner is currently being held at Hudson Correctional Facility by U.S. Immigration and Customs Enforcement. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, the petition is dismissed.

    a. <u>Petitioner is No Longer in Custody</u>

28 U.S.C. § 2254(a) authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). The collateral

1

consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). *Maleng*, 490 U.S. at 492.

Here, Petitioner pled guilty on July 1, 2014 to grand larceny in the fourth degree and petit larceny, in Richmond County, New York, with the understanding that he would enter a drug treatment program to avoid incarceration. *See* Petition at 4, ECF No. 1. On November 20, 2014, after failing to complete the drug treatment program, petitioner was sentenced to a term of six months imprisonment. *Id.* Thus, petitioner is not in custody pursuant to his 2014 Richmond County conviction, which he challenges here. *See Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) (concluding immigration detention as a result of a criminal conviction was not "in custody" for purposes of § 2254).

b. Petition is Time-Barred

Furthermore, the petition is also time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] 28 U.S.C. § 2244(d). Petitioner alleges he pled guilty on

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

July 1, 2014 and was sentenced to incarceration on November 20, 2014. *See* Petition at 4. Petitioner did not appeal his plea. Since petitioner did not appeal his conviction, his judgment of conviction became final on or about December 22, 2014, when the time for filing a notice of appeal to the Appellate Division expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000) (determining conviction becomes final "when [a petitioner's] time for filing a notice of appeal from his judgment of conviction expire[s]"); N.Y. C.P.L.R. § 460.10(1)(a) ("A party seeking to appeal from a judgment or a sentence ... must, within thirty days after imposition of the sentence ... file with the clerk of the criminal court ... a written notice of appeal."). Therefore, petitioner had until approximately December 22, 2015 to file a timely habeas corpus petition. The instant petition was filed more than three years and one month after the expiration of the one-year statute of limitation period.

The instant petition for a writ of habeas corpus is therefore denied. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
March 6, 2019

---

28 U.S.C. § 2244(d); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 "to apply to the general run of habeas cases ... when those cases had been filed after the date of the Act").

3